UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SAYE HENRY GOFAN, JR., | Case No. 25-CV-0328 (PJS/DJF) |
| Plaintiff, | |
| v. | ORDER |
| SUSAN R. MILES, Judge, et al., | |
| Defendants. | |

Plaintiff Saye Henry Gofan, Jr. has filed a 22-page complaint against at least 80 people and entities from all walks of life. ECF No. 1. Gofan has also filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 2. For the following reasons, the Court dismisses the complaint as frivolous and denies the IFP application as moot.

Despite its substantial length, the complaint contains almost no factual allegations. Instead, Gofan refers the Court to (1) about 350 pages of exhibits and affidavits submitted with the complaint and (2) two earlier—and unsuccessful—lawsuits that he filed in this District. *See* Compl. 1–21[1]; *Gofan v. Gustafson*, No. 23-CV-0749, ECF No. 37 (WMW/JFD) (D. Minn. June 23, 2023) (dismissing complaint under 28 U.S.C. § 1915(e)(2) at prescreening), *aff'd*, No. 23-2817, 2023 WL 11283783, at *1 (8th Cir.

---

[1] Because the complaint is not consecutively paginated, references to it (and other filed materials) use the District's CM/ECF page numbers.

Nov. 14, 2023), *cert. denied*, No. 23-7426, 2024 WL 4426769 (U.S. Oct. 7, 2024); *Gofan v. Gustafson*, No. 21-CV-1249 (DSD/BRT), 2021 WL 4324559, at *4 (D. Minn. Sept. 23, 2021) (granting motion to dismiss), *aff'd*, J. 1, No. 21-3203 (8th Cir. Dec. 1, 2021).[2]

Rather than pay this action's filing fee, Gofan submitted the IFP application. That application suggests that, as a financial matter, Gofan might qualify for IFP status. But "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [an IFP matter] at any time if the court determines that . . . the action . . . is frivolous . . . ." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Gofan's complaint is both factually and legally frivolous. On the factual front, the complaint fails to include any allegations describing what any defendant did that might make that defendant liable to Gofan.[3] Perhaps if the Court would wade through all 350 pages of material that Gofan submitted, the Court would be able to figure out why at least some of the 80 defendants have been sued. But it is not the Court's job to

---

[2] Both of the Eighth Circuit decisions are summary affirmances.

[3] The only exception is the complaint's statements that defendant Susan B. Miles (a state judge) entered into a "private binding contract" with Gofan "to secure [his] rights and liberties," and that this alleged contract "has been breached" in some (unspecified) way. Compl. 21. These conclusory allegations fail to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" (citation omitted)).

draft Gofan's complaint for him. Courts—including this one—routinely refuse to engage in such expeditions, for the simple reason that it is a plaintiff's job to put together a coherent complaint. *See, e.g.*, *Dopp v. Wray*, No. 23-CV-3804 (PJS/DJF), 2024 WL 51284, at *1 n.1 (D. Minn. Jan. 4, 2024).

Even if the complaint were not factually frivolous, the Court would dismiss it as legally frivolous. The complaint strongly suggests that Gofan bases his claims on sovereign-citizen theories, starting with his idiosyncratic choice to put zip codes in brackets throughout the pleading. *See* Compl. 1–17; *see also, e.g.*, *Nation v. United States*, No. 21-1874, 2021 WL 6013559, at *2 n.1 (Fed. Cl. Oct. 22, 2021) (noting that the Federal Bureau of Investigation views choices like "the use of brackets surrounding zip codes" as "possible indicia of sovereign citizen activity"), *aff'd*, No. 2022-1256, 2022 WL 1655693 (Fed. Cir. Feb. 23, 2022) (per curiam). A glance at Gofan's exhibits quickly confirms that suspicion. *See, e.g.*, ECF No. 1-2 at 1 (titled "MEMORANDUM OF LAW WITH POINTS AND AUTHORITIES ON SOVEREIGNTY' OF THE people In Relation to 'Government' of the Several Compact De-facto States and Federal Government" (capitalization and errors in original)). These theories are legally frivolous, as courts have held on countless occasions. *See, e.g.*, *United States v. Simonson*, 563 F. App'x 514 (8th Cir. 2014) (per curiam) (dismissing as frivolous such arguments as that "[the defendants] are special, sovereign citizens; that the federal statutes of conviction are invalid; that only 'international jurisdiction' is available; and that the government had a contract with

3

them and breached it"). The Court therefore dismisses this action and denies Gofan's IFP application as moot.

A final point: Courts have authority to control matters pending before them, and while a citizen has a right of access to the courts, that right does not extend to filing frivolous lawsuits. *See, e.g., In re Tyler*, 839 F.2d 1290, 1292-94 (8th Cir. 1988). To protect defendants and courts from such frivolous litigation, courts may reasonably restrict a litigant's ability to file future actions. *Id*. The Court therefore warns Gofan that if he files another complaint advancing discredited sovereign-citizen theories in this District, he may be placed on the District's restricted-filer list. Such a placement would prevent Gofan from filing any new lawsuits in the District of Minnesota unless he is represented by an attorney or obtains prior written approval from a judicial officer in the District.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED WITHOUT PREJUDICE as frivolous under 28 U.S.C. § 1915(e)(2).

2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is DENIED as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 3, 2025    s/Patrick J. Schiltz_____
                           Patrick J. Schiltz, Chief Judge
                           United States District Court